

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

*Hercules Building*               *(302) 573-6277*
*1313 N. Market Street, Suite 400*     *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

March 6, 2023

**BY CM-ECF**
Honorable Richard G. Andrews
United States District Judge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      Re:    **United States v. Brendan Dhanoolal, 22-cr-63-RGA- Sentencing Letter**

Dear Judge Andrews:

      The United States submits this letter in advance of Defendant Brendan Dhanoolal's ("Defendant") sentencing scheduled for March 15, 2023, at 10:00 a.m. and in response to the Defendant's Sentencing Memorandum. (D.I. 23.) In his sentencing memorandum, Defendant asks that the Court not impose a term of incarceration, but instead impose a sentence of "probation, supervised release, home confinement, or a combination thereof." (D.I. 23 at 38.) In support of that request Defendant largely relies upon his family responsibilities and his health condition. As discussed more fully below, in fashioning Defendant's plea agreement, the government has already taken account of these factors. The remaining 3553(a) factors suggest that a term of imprisonment is sufficient, but not greater than necessary under the circumstances of this case. Accordingly, the government intends to request that the Court sentence Defendant to 24 months of imprisonment, the low end of the advisory Guidelines range.

      Defendant pled guilty to one misdemeanor count of failure to file a tax return and one felony count of failing to file a foreign bank account report, but to be clear, Defendant engaged in a years-long course of conduct that constituted felony tax evasion. As he acknowledged at his change of plea hearing, Defendant neither filed a tax return or paid any personal or corporate income taxes for 2015-2019. Over these same years, Defendant's business earned more than $26 million in gross receipts. This income was concealed from the IRS, in part, because Defendant utilized a check cashing firm to convert more than $12 million in business checks to cash, by making checks payable to a non-operational business he formerly owned. He, in turn, used some of this money to fund a cash payroll from which he did not withhold employment taxes as well as providing financial support to his current wife, his ex-wife, and his adult daughter. Defendant spent more than $2.1 million on the acquisition of real estate, vehicle payments, home

improvements, and distributing cash to his family to pay personal expenses. When confronted by federal agents about his tax issues, Defendant acknowledged that he was aware of his obligation to file taxes and that he failed to do so. While Defendant now seems to attribute his criminal conduct to oversight, bad business management or simply that things got out of control, the sustained, deliberate, and calculated concealment of income demonstrates a clear attempt to evade his tax obligations.

Despite the somewhat egregious nature of Defendant's conduct, the government recognized that convicting Defendant, a non-citizen, of tax evasion which is an aggravated felony, might cause his deportation. In light of Defendant's personal circumstances, the government fashioned a charging document that gave him a better chance of allowing to remain in the United States, both to support his children and help them to navigate their challenges, and to receive his own healthcare in the United States. But that does not lessen the serious nature of Defendant's conduct. Defendant ran a very profitable business as an immigrant in a country that allowed him to live and work here. He provided generous financial support to his families, owned multiple homes, and lived with and among the trappings that reflected his success. That he has already been able to make full restitution to the IRS in excess of $600,000 underscores what can only be characterized as greed. Defendant did not use the money he hid from the IRS to keep his business afloat or to sustain a subsistence level of existence for his family. He lived well and still had cash on hand. And though he did not pay into the tax system, Defendant and his family benefitted from it, utilizing the public school system and the costly resources it could provide for his children. Nor does coming into compliance and honoring his tax obligations on a go forward basis represent any sort of extraordinary rehabilitation efforts. It is simply doing what millions of other people do day in and day out, year after year. Ultimately, the government has little concern here that Defendant will commit further crimes in the future, but against this backdrop, does worry that if Defendant does not receive a sentence of incarceration, others may determine that the reward outweighs the risk and may choose a similar path of tax non-compliance. For these reasons, the government believes a sentence at the low end of the guidelines range is warranted here and best addresses the 3553(a) factors.



███████████████████████████

For all of the foregoing reasons and others that may be articulated at the sentencing hearing, the United States respectfully requests that the Court sentence Defendant to 24 months of imprisonment.

                                                            Respectfully submitted,

                                                            DAVID C. WEISS
                                                            United States Attorney

                       BY:    /s/ Lesley F. Wolf
                                  Lesley F. Wolf
                                  Assistant United States Attorney